McGREGOR W. SCOTT
United States Attorney
VINCENZA RABENN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:17-CR-00173 |
|---|---|
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11(C) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| CARLOS PEREZ, | Courtroom 5, 7th Floor<br>Honorable Dale A. Drozd |
| Defendant. | |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Vincenza Rabenn, and Defendant, CARLOS PEREZ, and his attorney, Dale Blickenstaff, have agreed as follows:

1. **Charges.**

The defendant acknowledges he has been charged in an indictment as follows:

(1) Count One: 21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine, Cocaine, and Heroin;

(2) Count Two: 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine;

21 U.S.C. § 853(A) – CRIMINAL FORFEITURE

//

2. **Nature, Elements and Possible Defenses.**

The defendant has read the charges against him contained in the indictment and the charges have been fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crime in Count 1 and Count 2 of the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

<u>COUNT 1</u> – Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine, Cocaine and Heroin

The elements of the crime of Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine, Cocaine and Heroin include:

First, two or more persons agreed to violate the federal drug laws;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

Third, the overall scope of the conspiracy to possess with intent to distribute involved over 50 grams of Methamphetamine (actual), or 500 Grams of a mixture containing Methamphetamine,

The elements of the crime of Possession With Intent to Distribute include:

First, the defendant knowingly or intentionally possessed Methamphetamine, Cocaine or Heroin as charged;

Second, the substance was in fact Methamphetamine, Cocaine or Heroin; and

Third, the defendant possessed the substance with the intent to distribute it.

3. **Agreements by the Defendant.**

(a) Defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to **Count 1** of the indictment which charges him with Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine, Cocaine and Heroin in violation of Title 21, United States Code, Section 846, 841(a)(1). Defendant agrees that he is in fact guilty of this charge, and that the facts set forth in Paragraph 5 are correct, and that the drug quantity applicable to his offense is greater than 500 grams of Methamphetamine (actual) or 5 kilograms of a mixture or substance containing Methamphetamine, but less than 1.5 kilograms of

Methamphetamine (actual) or 15 kilograms of a mixture or substance containing Methamphetamine.

(c) Defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(d) Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 21 U.S.C. §853(a).

(e) Defendant understands and agrees that he will not be allowed to withdraw his plea should the Court fail to follow the government's sentencing recommendation.

(f) If it is determined that the defendant has violated any provision of this plea agreement or if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 10 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

(g) The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the result of a separate proceeding, however, and defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

4. **Agreements by the Government.**

(a) If the United States Probation Office determines that a three-level reduction in

defendant's offense level for full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under § 3E1.1(b), so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G. § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

(b) The government agrees to recommend that the defendant be sentenced to imprisonment at the low end of the applicable guideline range.

(c) The government agrees that the drug quantity applicable to his offense is greater than 500 grams of Methamphetamine (actual) or 5 kilograms of a mixture or substance containing Methamphetamine, but less than 1.5 kilograms of Methamphetamine (actual) or 15 kilograms of a mixture or substance containing Methamphetamine.

(d) The government will recommend a two-level minor role reduction under U.S.S.G. §3B1.2.

(d) The government makes no other representations to defendant regarding fines, whether any other specific offense characteristics apply to his conduct, his criminal history or criminal history points under Chapter Four or whether additional enhancements or reductions under Chapter Three or Five of the United States Sentencing Guidelines apply, and defendant understands that the government is free to comment and to make recommendations to the court and the probation office regarding those matters.

5. **Factual Basis.**

Defendant will plead guilty because he is in fact guilty of the crime set forth in **Count 1** of the indictment. Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

> Between on or about February 1, 2017, and continuing through on or about July 7, 2017, in the County of Fresno, State and Eastern District of California, and elsewhere, CARLOS PEREZ did knowingly and intentionally conspire with others to distribute and to possess with intent to distribute Methamphetamine, a Schedule II Controlled Substance, Heroin, a Schedule I Controlled Substance, and Cocaine, a Schedule II Controlled Substance.

Plea Agreement  4

More specifically, defendant knowingly and voluntarily conspired, confederated and agreed with VIDAL ANGEL VELASCO, and others to distribute heroin, cocaine, and over 50 grams of methamphetamine (actual), or 500 Grams of a mixture containing methamphetamine to buyers in Maryland and elsewhere. He did so by communicating in person and over the telephone with his co-conspirators in Fresno and Maryland, relating to the procurement, packaging and delivery of methamphetamine to recipients in Maryland. On February 6, 2017, defendant attempted to ship approximately 1,155 grams of a mixture or substance containing methamphetamine to Maryland.

At all relevant times, defendant and his co-conspirators all knew that the essential objective of the conspiracy was the distribution of methamphetamine, heroin and cocaine, and that all are prohibited drugs.

6. **Potential Sentence.**

The following is the maximum potential sentence which defendant faces:

**COUNT 1:**

VIOLATION: 21 U.S.C. §§ 846, 841(a)(1) - Conspiracy to Possess with Intent to Distribute Over 50 Grams of Methamphetamine (actual), or 500 Grams of a mixture containing Methamphetamine

PENALTIES: Mandatory minimum of 10 years in prison and a maximum of up to life in prison; or

Fine of up to $10,000,000; or both fine and imprisonment

Supervised release of at least 5 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

7. **Sentencing Determination.**

The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005), and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure

Plea Agreement 5

from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

8. **Waiver of Rights.**

(a) Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(1) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to be represented by an attorney at all stages of the proceedings, and would have a right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government and the judge must all agree that the trial be conducted by the judge without a jury.

(2) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(3) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(4) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In

turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

(5) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

(b) Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

(c) Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction and sentence, except as set forth within this paragraph. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal any sentence imposed. Acknowledging this, the defendant knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal his conviction and sentence, including, but not limited to an express waiver of appeal of this plea (including any venue and statute of limitations issues) and to attack collaterally his mental competence, and his plea, or his sentence, including, but not limited to, filing a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3742, or otherwise.

If the defendant's conviction on the count to which he is pleading guilty is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the following rights: (1) to prosecute the defendant on any count to which he pleaded guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, the defendant agrees not to

raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(d)     Defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this agreement and any charges previously dismissed).

9. **Questions by Court.**

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

10. **Entire Agreement.**

The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce defendant to plead guilty.

11. **Court Not a Party.**

It is understood by the parties that the sentencing Court is neither a party to nor bound by this Agreement and the sentencing judge is free to impose the maximum penalties as set forth in Paragraph 5 above. Also, should the Court fail to follow any or all of the government's sentencing recommendations, the defendant will not be allowed to withdraw his plea.

///

12. **Presentence Report.**

The defendant understands that the United States Probation Office is not a party to this Agreement and will conduct an independent investigation of the defendant's activities and his background and prepare a presentence report which it will submit to the Court as its own sentencing recommendation. In addition, the government will fully apprize the Probation Office, as well as the Court of the full and true nature, scope and extent of the defendant's criminal activities concerning the charge to which the defendant is entering a plea of guilty, including activities which may not have been charged in the Indictment, or were the subject of dismissed counts.

DATED:                                    McGREGOR W. SCOTT
                                          UNITED STATES ATTORNEY

                                    By:   /s/ Vincenza Rabenn
                                          VINCENZA RABENN
                                          Assistant United States Attorney

DATED: 5/29/18
                                          DALE BLICKENSTAFF
                                          Attorney for Defendant

DATED: 5/29/18
                                          CARLOS PEREZ
                                          Defendant